IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juan Jose Colon-Arriaga,<br><br>Petitioner,<br><br>v.<br><br>Warden Stevie Knight and Camp Administrator Melissa Forsyth,<br><br>Respondents. | C/A No. 1:21-cv-258-JFA-SVH<br><br><br><br>**ORDER** |

Juan Jose Colon-Arriaga ("Petitioner"), proceeding pro se, is an inmate incarcerated at the Federal Correctional Institution Estill ("FCI-Estill") in Estill, South Carolina. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition in this case without requiring the respondent to file an answer. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on February 3, 2021. (ECF No. 7). The Magistrate Judge required the parties to file objections by

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

February 17, 2021. *Id.* Petitioner failed to file any objections and the time for doing so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the petition should be dismissed without prejudice for failure to exhaust his administrative remedies.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 7). Thus, the petition is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

February 22, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge